ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division[1]
THOMAS K. BUCK
Assistant United States Attorney
California Bar Number 70307
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3989
    Facsimile: (213) 894-7819
    Email: tom.buck@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLAND D. PETTENGILL, | CV 12-2369 SVW(JCx) |
| Plaintiff, | PROTECTIVE ORDER |
| vs. | [CHANGES MADE BY COURT] |
| THE UNITED STATES OF AMERICA, | |
| Defendant. | Hon. Jacqueline Chooljian |

    Pursuant to the Parties' Stipulation for Protective Order and good cause having been shown, IT IS HEREBY ORDERED THAT:

    (1)    The parties may use records produced by Defendant in conducting further discovery in this case.

    (2)    The parties may use records produced by Defendant in all pretrial proceedings with the following exception: Absent further order of the Court, any documents that Defendant marks as "Confidential" will be not be filed with the Court unless the Court, after being presented with an application to file under seal in accordance with Local Rule 79-5.1, authorizes such documents to be filed under seal.

1

   (3) Whenever counsel for the Defendant believes that formal or informal discovery in this case, in whatever form, may reveal or has revealed information that is Confidential (in that they constitute (1) records maintained by a federal agency which contain information about individuals other than Plaintiff and are protected by the Privacy Act, (2) information that, if disclosed, might result in an invasion of personal privacy of the subjects of the records other than Plaintiff, and (3) information either confidential or subject to the law enforcement privilege against disclosure of information) counsel for the Defendant shall, in writing provided to Plaintiff, designate the information as subject to the Protective Order by stamping or printing "Confidential" on the front page or face of the document or interposing that phrase prior to a discovery response, such as in response to a propounded Interrogatory.  Plaintiff and Defendant shall take all steps reasonably necessary to safeguard the confidentiality of all documents, records, and information marked as "Confidential."  The documents, records and information marked as "Confidential" are to be used solely pursuant to the Protective Order and are to be used solely for the purpose of this litigation and may not be disclosed, in any manner whatsoever, to anyone for any other purpose or reason whatsoever unless specifically ordered by the Court.

   (4) The parties themselves shall have the right to use records produced by Defendant in all preparations for trial.  Absent further order of the Court, any disclosure of Confidential documents and records or information derived therefrom, except disclosures authorized by the Protective Order (which includes disclosures to the Court/Court personnel), shall be conditioned upon the recipient of the documents, records, or information being advised of the terms of the Protective Order and agreeing in writing to comply with its terms, with the understanding that a failure to comply with the Protective Order may result in the imposition of sanctions by this Court.  Such written agreement shall be provided to the opposing party before any disclosure and shall be in the following form:

I, _____,

_____

_____

[address, phone, and relationship to case], hereby acknowledge that I have read the Protective Order entered on February 1, 2013, in <u>Rolland D. Pettengill v. United States of America</u>, in the United States District Court for the Central District of California. I hereby agree to be bound by the terms and conditions of the Protective Order, including that the documents, records, and information marked as Confidential be used solely pursuant to the Protective Order and solely for the purpose of this litigation and that they may not be disclosed, in any manner whatsoever, to anyone for any other purpose or reason whatsoever. I acknowledge that my duties under the Protective Order shall survive the termination of this case and are permanently binding on me and that failure to comply with the Order may result in the imposition of sanctions by the Court.

(5)   A copy of the Stipulation for Protective Order and the Protective Order issued thereon shall be kept with the Confidential documents at all times.

(6)   Plaintiff may view the Confidential documents only for the purpose of litigating this case, and Plaintiff shall not, under any circumstances, provide a copy of any Confidential document to any other inmate.

(7)   Nothing herein shall prohibit the parties or counsel from disclosing a document marked as Confidential to the person the document identifies as an author or addressee of such document.

(8)   Nothing herein shall be construed as precluding Plaintiff or Defendant from introducing materials that are marked as Confidential into evidence at trial or at a court proceeding of this case. However, in the event that any material marked as Confidential is used in any trial or court proceeding in this

case, it shall not lose its status through such use, and the parties, subject to any further Court order regarding the matter, shall take all steps reasonably necessary to protect its Confidentiality.

(9) Upon conclusion of this action (including any appellate proceedings), all copies of documents, records, or information protected by the Protective Order (except copies of documents accepted into evidence and/or otherwise in the possession of the Court/Court personnel) made pursuant to the terms of this Order shall be returned to counsel for the Defendant.

(10) Plaintiff is currently representing himself. The term "Plaintiff" as used in this Order refers to Plaintiff himself and to Plaintiff's counsel if an attorney later appears as attorney of record on behalf of Plaintiff in this matter.

(11) Neither the Stipulation for Protective Order nor this Protective Order constitutes a final determination of any objection to the production of documents, records or information other than an objection based on the Privacy Act of 1974, 5 U.S.C. § 552a. Nothing in the Stipulation for Protective Order or in this Protective Order shall be construed to preclude the Defendant from asserting the law enforcement investigatory privilege or any other applicable privilege, or to preclude Defendant from declining to produce materials or portions of materials where the Defendant deem it appropriate.

IT IS SO ORDERED.

DATED: February 1, 2013

                                                       /s/
                                   Honorable Jacqueline Chooljian
                                   UNITED STATES MAGISTRATE JUDGE